v. Tewis, No. 22-30662. Council, when you can, go ahead and make your way up to the podium. Good morning, Your Honors, and may it please the Court, Betsy Ginsburg, on behalf of the Department of Justice. Good morning, everyone. My name is Betsy Ginsburg, and I'm the Chief Justice of the U.S. Supreme Court, and I'm here to talk to you today about the injury of the plaintiff's testimony. The plaintiff's testimony is of no moment. The District Court must consider the statements in the light most favorable to her. This Court has allowed uncorroborated testimony to establish injury in other elements of Section 1983 actions and has not held that there's a corroboration requirement where injury is concerned. Appellees are essentially asking this Court to discredit the plaintiff's testimony, which is not permissible on summary judgment. The threshold for establishing injury under this Court's Fourth Amendment Excessive Force cases is that there must be some injury, even if that injury is insignificant. A threshold Ms. Thomas easily meets with injuries such as bleeding and swelling across the bridge of her nose from when her glasses broke across her face during the incident. Was there any mugshot or any photographs taken in connection with her apprehension and arrest? There are no such photographs in the record or, as I'm aware, in discovery. And was there anyone who picked her up? As I understand it, she was released on bond fairly quickly. Was there any other corroboration from a person who picked her up or anyone else that came into contact with her? Not that I'm aware of. Outside of the record, but within discovery, there was testimony from Lieutenant Arnold, one of the defendants in the case, during what I believe was his Internal Affairs Division interview, in which he says that he saw that she was bleeding from her face from the breaking of the glasses. So in addition to those injuries that I just mentioned, her knuckles and her shoulder were injured as well from being thrown to the ground while she was in handcuffs, unable to break her fall with her hands. She lost control of her bowels from the pain of being thrown to the ground. And again, in response to Judge Englehart's prior question about other kinds of corroboration, which we submit are not required, there is testimony from Ms. Thomas that an officer at the jail noticed this, that she had lost control of her bowels and offered her a shower and a change of clothes while she was at the jail. She also experienced pain to her back and shoulder from when Officer Chew has knelt on her back and has had recurrent nightmares as a result of the incident. Additionally, should the court address the question of whether Ms. Thomas' right was clearly established, a question the district court did not address, should find that the right at issue in this case is the right to be free from an officer's use of force while handcuffed and not resisting arrest, and that this right has been clearly established by this court. This court has said, quote, that it has long been clearly established that when a suspect is not resisting, it is unreasonable for an officer to use injurious force against a restrained individual, even if that person had previously not followed an officer's commands. The appellees define the right at issue in this case with reference to facts that are irrelevant to the Fourth Amendment inquiry and without viewing those facts in a light most favorable to Ms. Thomas. Notably, they define the right without any reference to the fact that she was in handcuffs when the force was used against her. Can I pause you on that for a second? So I'm looking at her declaration at page 967 of was handcuffed. The officer testifies that he had one handcuff on her. So is it really a dispute of fact about whether she had both? I mean, she doesn't say that both of her hands were in handcuffs. She says, threw me to the ground while I was handcuffed. So is the way that you're helping me understand your way that you would do the summary judgment standard as applied to this? Because it sounds like one person says I had one hand in handcuffs and the other person doesn't specify either way how many hands were in handcuffs. I think that it's certainly reasonable for a jury to infer that when someone says they were handcuffed, when they say they are unable to break a fall because they are handcuffed, that it means both hands in handcuffs. One hand in handcuffs typically isn't how we would never say someone's handcuffed because they have a hand in a handcuff. Well, I guess I'm just not sure that this is what's so odd about it is when we're at summary judgment. And so the first question is, what is the dispute? And if you're just reading these two, obviously all we have is the cold paper record. It doesn't look like there's a dispute. You see where my concern is? I think there is certainly a dispute as to whether she was fully restrained in handcuffs at the time that she was thrown to the ground. There's a dispute as to whether she was in handcuffs when she was thrown to the ground. There's a dispute as to her resisting. And she disputes all of those facts with them. Oh, you get all of those. Yeah, no doubt. That's easy. Any place where there's a dispute, obviously you get the benefit of all of them. I'm just having a hard time with this one being a dispute. And it does strike me as an important one because I would assume that for both the constitutional violation and the clearly established violation, she needs to be both not resisting and in handcuffs. Well, this court has said on multiple occasions that the right to be free from excessive force while not resisting is clearly established. The court has also said that while not resisting and in handcuffs is clearly established. And I would submit that the cases that say that someone who is not resisting, like Bush versus Strain, would clearly establish the right for a case also where the person was in handcuffs, right? They are even further restrained. Well, so far on the resisting thing, is your best allegation or I don't mean to, that's a bad word, is your best fact from the declaration, paragraph seven, that I did not make any threatening gestures at Officer Tuis? There are a number of, I think, facts that support Ms. Thomas's claim that she was not resisting in her declaration and in her deposition testimony. She very specifically says that she never resisted. She made no threatening gestures. She did not bite. She did not kick. She did not strut. She did not struggle in any way. Those last pieces come from the depo, not from the declaration? The last pieces come from her deposition testimony. And the district court, when it, to the extent that it found that she was resisting, and I think there's some question as to what that one sentence finding was all about, it referred to page four of the plaintiff's opposition to summary judgment in which the court says she admits to some noncompliance. And to the extent that you can call it noncompliance or resistance, what she said was it was impossible for her to comply with the officer's order to remove all of her things from the levy, which incidentally she was not under law required to do. And also in response to the order that she take all of her things off the levy, she told him that she needed to retrieve her cell phone. And none of that resistance is the kind of resistance that under this court's law would allow for the use of force by the officer. So going back to the issue of injury, the court's finding that medical records or the like are required to corroborate Ms. Thomas' testimony. The district court said this court requires more than sworn statements, and that is inconsistent with this court's precedence. Similarly, the appellees contend that subjective lay witness testimony cannot create a genuine issue of material fact without more. Again, that has no basis in this court's law. On summary judgment, a plaintiff's sworn statements as to the injury must be taken as true absent that objective evidence in the record. And that's this court's decision in Anderson. That's Scott versus Harris. An affidavit can be self-serving. It can be uncorroborated. This court held that if there's any requirement of corroboration, that does not come from Rule 56, and there would have to be a legal requirement outside of Rule 56 that requires corroboration. That doesn't come from Section 1983. It doesn't come from the Fourth Amendment. That doesn't exist. And in this circuit, uncorroborated testimony, this court has found that uncorroborated testimony can establish the element of injury in a Section 1983 crime. It did so in the case of Falken. Uncorroborated sworn statements about sore ribs and emotional distress were enough in Benoit. Similarly, testimony alone was sufficient to establish a temporary injury to the individual's throat and back pain. And in Falken, the plaintiff's sworn testimony as to a back injury that he received as a result of excessive force was sufficient to establish a temporary injury. In Schmidt, this court's case, pain, soreness, and bruising testified to by the plaintiff was enough. There is no requirement. And the cases that the appellees rely on to support their argument that there is a corroboration requirement simply don't support that argument. They rely on cases that talk about the proof of causation in unusual cases or cases that are outside a jury's area of expertise. So for example, they say to a district court case, Perry, where the court said, we need more evidence of causation to show that the excessive force there was the cause of plaintiff's renal pseudo-aneurysm. We don't have injuries like that here. The injuries are fairly straightforward. Ms. Thomas's claims of, they are abrasions, they are soft tissue injuries, they are bleeding where she says that her glasses broke. And there's no unusual causation here. The appellees also rely on cases involving handcuffing only as the force claimed by the plaintiff. And in those cases, there sometimes is a requirement that more than testimony is required. But this case is very clearly not a simple tight handcuffing case. I also want to address the issue of qualified immunity. And the district court addressed only prong one of qualified immunity. Should this court move on to decide prong two of qualified immunity, the question of whether the right was clearly established, it should find that it was. And it should find that based on a whole lot of cases that this court has decided. Aguirre was a case where the individual was handcuffed and not resisting even though he had previously not followed commands. And Aguirre cites to this court's decision in Curran another case where the suspect was in handcuffs and force was used against him. Similarly, Bush and DeVille and hence in all cases where the individual was not resisting and force was used clearly established the right here and gave fair warning to these officers that they could not use force once Ms. Thomas was in handcuffs. Can you help me understand what we do with the allegation in the citizen complaint about biting the officer? So I understand that she said in the citizen complaint that she attempted to bite the officer. This comes up in her deposition. What she says, I believe in the deposition, is that she did not say that in her citizen complaint. What she said is that Officer Tuist, while this was going on, accused her of biting him. And she has throughout, including in her deposition and in her declaration and in her citizen complaint, said, I did not attempt to bite him at all. So she denies it in the deposition. Yes. Is there, do you have, I can't find the citizen complaint. Do you have the, is it in our record? It is in the record. The citizen complaint is somewhere in the 1070s. I can give you the full range of that when I come up for my rebuttal. But it was Exhibit 7 to the Plaintiff's Opposition to Summary Judgment. Sorry, Exhibit F. And lastly, I would just quickly address the claim that Ms. Thomas' property was unreasonably seized. The appellees argue three things here. They say the seizure was, that there's no evidence that the seizure was unreasonable, that her right was not clearly established, and that she has forfeited or waived her argument as to this. And I would say that all three of those arguments are not viable. And the reasonableness of the seizure, they say it was reasonable because she had reported a COVID exposure. She had not reported a COVID exposure at the April 6th incident. That was in May that she reported that COVID exposure. So it couldn't be the reason why they thought it was reasonable. They gave a justification in their testimony. Lieutenant Arnold said it was because she told me to destroy her property. That's a fact, both in her deposition testimony and in the declaration. She never told the officers that. And her right not to have all of her property seized from her and destroyed permanently was clearly established. Okay, counsel, thank you. You've reserved some time for rebuttal. Mr. Couture, if I pronounced your name correctly, is that right? Couture, Judge. Couture. I'm sorry. May it please the court, Trevor Couture on behalf of the appellees, officers Arnold and Tuis. The real issue before the court today is one of civil procedure and one of evidence. And I really want to drill down on the injury requirement of an excessive force claim. That is a threshold issue to establish that a person's constitutional rights have been violated. And in this case, we believe the district court correctly concluded that appellant did not come forward with sufficient evidence to create a genuine dispute of material fact as to whether she suffered more than a de minimis injury. And that's an important point. There's got to be a line drawn at some point between what constitutes de minimis injury and more than a de minimis injury to support an excessive force claim. And in this case, we believe that the transient generalized allegations of pain associated with the arrest and handcuffing of Ms. Thomas do not rise to that level. We also submit and believe the district court correctly found that in order to satisfy the requirement of an injury for an excessive force claim, that there's got to be some sort of corroboration. And I'll address the arguments that counsel for appellant made on that point. An injury that is de minimis, as we have argued in this case, is one that does not rise to the level of excessive force. Counsel, let me back up a little bit. Are you conceding that the force in this case was excessive to the extent that she was handcuffed, her version of events, that it was excessive force? I would concede that there are factual disagreements as to the events that transpired. Your argument is that nonetheless, there's no injury sufficient to support the claim? Correct, Judge. That's exactly right. Even assuming the factual scenario most favorable to Ms. Thomas in this case, we believe she has still not come forward with sufficient evidence to defeat the summary judgment and that is what the district court held. To the extent that she's claiming anything more than a de minimis injury, we believe that resting on her own allegations, which is what is repeated in her deposition and in her declaration, is not sufficient to defeat summary judgment. There has got to be something more, some sort of objective evidence to show that there was more than just some jostling or some bruising that took place during this arrest. The same thing goes with respect to the psychological injury that's been alleged and maybe even more so. The cases that we've discussed talk about injuries that are beyond the common knowledge or common experience of a juror. To be able to prove causation, you've got to have some kind of competent medical evidence to allow a jury to make the causal connection between the alleged excessive force and those injuries and to allow a plaintiff in a civil case, transforms them essentially into a medical expert and allows them to defeat a summary judgment where there's otherwise no objective medical evidence. With respect to the clearly established wrong, appellants argued in their brief that this we believe the court has discretion to pass on that issue if it needs to, if it finds that there are genuine disputes of fact as to the constitutional violation, but as we argued in the district court and in our briefs in this court, we believe that the specific constitutional right that is alleged to have been violated was not clearly established at the time that this took place and that is an additional basis to affirm summary judgment. With respect to the seizure of the property, as counsel noted, these encounters and arrests took place in the early months of the COVID-19 pandemic and when the arrests were effectuated, Ms. Thomas had possessions with her where she was on the levy. Our position below and what we argue here in front of this court as well is that the actions that the officers took in this case were not objectively unreasonable given the uncertainty and precautions that were being taken at that time. We also argue below and this was agreed to by the district court that plaintiffs failed to cite any clearly established law. Even if there was an underlying constitutional violation, they're still entitled to qualified immunity on those issues in the absence of a warrant. If the court doesn't have any questions, I believe those are all the points I wanted to address. Counsel, let me go back to your argument regarding the, you used the word corroborative evidence, something more than de minimis and our case law says that there must be an injury that is more than de minimis. We also know that injuries, de minimis injuries frequently, even more than de minimis injuries frequently take place when police officers lawfully apply force as they're trained to do as part of their job. What case or cases do you think are the best for supporting your argument that there must be some type of corroborative evidence? I'm assuming for the purposes of my question, corroborative evidence would be obviously a medical record of some sort or an EMT record, but also maybe other witnesses or anything of that, any other types of lay evidence. Yes, Judge. I believe, I don't have the full citation here in front of me. This was cited in the appellant's reply brief. It's the Byrd case out of the Fifth Circuit and I apologize I don't have the full cite in front of me, but in that case there was generalized injuries alleged. She alleged that her physical injuries required a hospital to treat her for shoulder and elbow trauma that necessitated a sling and also alleged that the hospital treated her for severe bruising and multiple lacerations. I believe, if I'm correct, I looked at the lower court record in this case as well and I believe there was another declaration that was in support of those allegations. Contrary to that, we looked at Freeman v. Gore in our brief which found that there was no excessive force in a case involving the arrestee's allegations that the deputies twisted her arms behind her back while handcuffing her, jerked her all over the carport and applied the handcuffs too tightly, causing bruises and marks on her wrist. Since minor incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest do not give rise to a constitutional claim for excessive force. Thank you. All right. Rebuttal. I want to go back to the injury requirement. Judge Engelhardt's question about de minimis injury and what position the appellees are taking here as to the reasonableness of the force because there's this court's requirement that there be some injury and then there's this court's requirement that there be more than a de minimis injury. Those two inquiries are a little bit different from one another and I think they're getting conflated here. Some injury is that there needs to be some small injury that the plaintiff can show to meet the element of injury. De minimis injury, though, goes to the question of the reasonableness of the force. We look at the injury and the extent of the injury and we look at the force and whether it was reasonable and we make that determination. This court has said that if the force is reasonable, whatever the injury is, it is de minimis, which means a serious injury could be considered de minimis and a less serious injury could not be considered de minimis if the force used was unreasonable. And the appellees aren't making the argument here that the force used here was reasonable and that's because the facts are disputed as to what force was used, whether she was in handcuffs at the time that the force was used, and so she meets the sum injury requirement and whether that injury would be considered de minimis has to go to the reasonableness of the force in this case. With regard to the need for corroboration, which was really what the district court built its decision on, appellees still don't provide any support for that argument. The cases that talk about causation where the issue is outside of a jury's knowledge don't apply here. The district court relied on two cases from this court to support its finding. This court's decision in DeVille in which the individual did have medical records. The court said nothing about there being a need for medical records, but the person put in medical records, of course. Same thing in PETA. The evidence of psychological injury there happened to be supported by medical records and so they put those medical records in. Freeman is part of this court's line of cases about handcuffing. Again, the court said there, that force, handcuffing that individual is reasonable and therefore any injuries that come from the tight handcuffing are going to be unreasonable. I want to go back to Judge Oldham's question about whether she had both hands in handcuffs or whether the court viewing the facts in the light most favorable to her should view them that way. I want to say that it very much is. She said in her deposition, I'm in handcuffs at the time. That's at 1056 in the record. She said in her declaration, I was handcuffed, 967. In her citizen complaint, which to answer your Honor's question from before begins at 1077 in the record, in that complaint she said he put me in handcuffs. When we read this court's cases about handcuffing, we don't read decisions that say both hands were in handcuffs. We read that the arrestee, the suspect, was in handcuffs to mean that the person actually had both hands restrained. That's, I think, how you would view the facts in the light most favorable to Ms. Thomas in this case. Counsel, I understand that and I understand your argument. I think it's a powerful one. The thing I'm hung up on is the rule of law that comes out of this case, which is, and I'm not sure if you're willing to go this far, but maybe you are. Would you say that in a qualified immunity case that a plaintiff, not necessarily this one, but the next one, could get a jury trial, so not only overcome MTD, summary judgment, but also the immunity from suit, which is the thing I'm really hung up on. The Supreme Court has told us it's supposed to be an immunity from suit, based only on a two-page declaration. It's not based only on a two-page declaration in this case, and so I don't think the court has to make that determination. I think that if there wasn't a deposition, if there wasn't a citizen complaint, depending on what the contents of that declaration are, maybe not. I think that concern, though, given that this court has never required corroboration, that this court has taken the sworn statements as true, and we haven't seen every plaintiff in every section 1983 go to trial, quite the opposite. That's because I think there are all sorts of procedures and substantive doctrine in place. Graham itself says, not every push or shove, and so I think that this is not the case where the court needs to draw that line in the sand. One final question. What would prevent the result we just discussed? Why couldn't a plaintiff just file a two-page declaration that says, yeah, it's not every push or shove, but this one was really bad. I didn't do any of this. Why couldn't the plaintiff just file a two-page declaration and demand a jury trial? If the defendants brought, in that case you're talking about, a Celotex-type motion, like here, where the defendants are talking about an absence of evidence, I think typically what you would have is a deposition. The court in Celotex says it's not incumbent upon the non-moving party to take their own depositions. That didn't need to happen here. Ms. Thomas's case, incidentally, chose not to inquire at all about her injuries in that deposition, and so I think that if you have a situation like that, where the plaintiff puts in a two-page declaration all of the injuries that occurred, that it might be okay, but that if the plaintiff puts in a declaration that says force was used against me and it hurt a lot, that wouldn't carry the day by any stretch. Okay. Thank you, counsel. We have the matter under submission. The court will render its decision in due course, and this concludes our oral arguments on the docket today. The court will stand in recess until 9 a.m. tomorrow.